FILED
CLERK, U.S. DISTRICT COURT
7/17/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DD___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:20-cr-00294-AB |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 666(a)(1)(A): Theft, Embezzlement, and Intentional Misapplication of Funds from Organization Receiving Federal Funds; 26 U.S.C. § 7201: Willful Attempt to Evade or Defeat Tax; 18 U.S.C. § 981, 26 U.S.C. § 7301, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| JANIS BUCKNOR,  aka "Janis Paxton" and       "Janis Paxton-Bucknor," | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 666(a)(1)(A)]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.   Defendant JANIS BUCKNOR, also known as "Janis Paxton" and "Janis Paxton-Bucknor," was a resident of Los Angeles, California, within the Central District of California.

2.   Validation Academies Inc., doing business as Community Preparatory Academy ("CPA"), was a for-profit company that owned and operated two charter schools within the Los Angeles Unified School

District. CPA received federal funds to operate its charter schools and was required to use these funds for the benefit of the charter schools CPA owned and operated. CPA's fiscal years each ended on June 30.

3. Defendant BUCKNOR was the Executive Director of CPA, was a signatory on all bank accounts for CPA, and had the legal authority unilaterally to withdraw funds from CPA's bank accounts.

4. The Center for Culturally Responsive Teaching and Learning ("CCRTL") was a non-profit organization with a stated mission of supporting charter schools and providing professional development for the teachers who educated and worked with diverse students at CPA.

5. The Culturally Responsive Teaching and Learning ("CRTL") was a fictitious entity controlled by defendant BUCKNOR that was not registered with the State of California.

B.  EMBEZZLEMENT OF FEDERAL FUNDS

6. Between in or around February 2014 and in or around November 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendant BUCKNOR, an agent of CPA, knowingly and willfully embezzled, intentionally misapplied, and without authority converted to the use of a person not the rightful owner, property of a value greater than $5,000, which was in the care, custody, and control of CPA, an organization that received federal program benefits in excess of $10,000 in each of the 2014-2015, 2015-2016, 2016-2017, 2017-2018, and 2018-2019 fiscal years. Specifically, defendant BUCKNOR embezzled and improperly used for her own personal expenses approximately $3.1 million of CPA funds.

COUNT TWO

[26 U.S.C. § 7201]

A. <u>INTRODUCTORY ALLEGATIONS</u>

7. The United States Attorney realleges paragraphs 1 through 5 of this Information here.

B. <u>EVASION OF INCOME TAX</u>

8. Beginning in or around February 2014 and continuing until at least in or around August 8, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendant BUCKNOR willfully attempted to evade and defeat income tax due and owing by her and her spouse to the United States of America, for the calendar year 2016 by committing the following affirmative acts, among others:

   a. Opening a bank account in the name of CRTL to hide money she embezzled from CPA.

   b. Depositing money (via check, cashier's check, or wire transfer) from bank accounts she controlled in the name of CPA and her personal bank accounts into the CRTL bank account.

   c. Using funds in the CRTL account to pay for her personal expenses, including family vacations, her children's school tuition, and the mortgages on properties she personally owned.

   d. Falsely reporting her and her spouse's income by failing to report the income that they had received from using the money in the CRTL account to pay their personal expenses on defendant BUCKNOR and her spouse's U.S. Individual Income Tax Return (Form 1040) for 2016.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[26 U.S.C. § 7301 and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 7301, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Two of this Information.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property sold or removed by the defendant in fraud of the internal revenue laws, or with design to avoid payment of such tax, or which was removed, deposited, or concealed, with intent to defraud the United States of such tax or any part thereof;

(b) All property manufactured into property of a kind subject to tax for the purpose of selling such taxable property in fraud of the internal revenue laws, or with design to evade the payment of such tax;

(c) All property whatsoever, in the place or building, or any yard or enclosure, where the property described in subsection (a) or (b) is found, or which is intended to be used in the making of property described in subsection (a), with intent to defraud the United States of tax or any part thereof, on the property described in subsection (a);

(d) All property used as a container for, or which shall have contained, property described in subsection (a) or (b);

(e) Any property (including aircraft, vehicles, vessels, or draft animals) used to transport or for the deposit or concealment of

property described in subsection (a) or (b), or any property used to transport or for the deposit or concealment of property that is intended to be used in the making or packaging of property described in subsection (a); and

      (f)  To the extent that such property is not available for forfeiture, a sum of money equal to the total value of the property described in this paragraph.

    3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph, if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof, (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//
//
//
//
//
//
//
//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

NICOLA T. HANNA
United States Attorney

*Scott M. Garringer*
*Deputy Chief, Criminal Division For:*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

KRISTEN A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Major Frauds Section

KATHERINE A. RYKKEN
Assistant United States Attorney
Major Frauds Section

ALEXANDER C.K. WYMAN
Assistant United States Attorney
Major Frauds Section